WRIGHT, BLODGETT & CO., Limited, et al. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 18, 1913. Rehearing Denied March 6, 1913.)

No. 2,406.

PUBLIC LANDS (§ 120*)—CANCELLATION OF PATENT—BRINGING IN NEW PARTIES—NECESSITY.

Where, pending a suit by the United States to cancel a land patent, the patentee died intestate, an heir, who succeeded to his interest under the laws of the state, became an indispensable party defendant, without whose presence the court could not proceed.

[Ed. Note.—For other cases, see Public Lands, Cent. Dig. §§ 332–335; Dec. Dig. § 120.*]

Appeal from the District Court of the United States for the Western District of Louisiana; Aleck Boarman, Judge.

Suit in equity by the United States against Wright, Blodgett & Co., Limited, and others. Decree for complainant, and defendants appeal. Reversed.

J. Blanc Monroe and Monte M. Lemann, both of New Orleans, La., for appellants.

E. H. Randolph, U. S. Atty., of Shreveport, La.

Before PARDEE, Circuit Judge, and NEWMAN and GRUBB, District Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

PER CURIAM. This is a suit, brought September 1, 1906, by the United States against Nat Wasey and Wright, Blodgett & Co., to set aside a patent for land entered and patented under the homestead act. Process was never served upon Nat Wasey. Pending the suit Wasey died, and on December 22, 1908, the complainant filed a bill of revivor against Bertha Wasey, the widow, and Eben F. Wasey and John L. Wasey, sons of said Nat Wasey. Process having been served, Eben F. Wasey and John L. Wasey both appeared February 13, 1909, and filed an answer disclaiming all right, title, and interest in the land, or any portion thereof, or in the succession of Nat Wasey.

Under the law of Louisiana the said parties had a right to renounce the succession of Wasey, and thereupon Nat Wasey's only half-brother, one Frank B. Clingo, shown to be living, became the only heir of the said Nat Wasey, and seised as such from said Nat Wasey's death (Rev. C. C. La. art. 942), and thus a necessary party to the suit. An objection to taking evidence on the ground that indispensable and proper parties were not before the court was made in the court below; but the case proceeded to judgment regardless of the same, and, of course, the objection is now urged on this appeal.

The decisions on this subject are all one way, and to the effect that, where an essentially necessary party to the proceedings is not before the court, the court cannot proceed to adjudicate upon his rights. 16 Cyc. 189. Other important questions are presented in this case; but we do not consider it necessary to pass upon them, further than to say that, on the evidence submitted in the case, we think the ends of justice require that the complainant should be given opportunity to make the necessary parties, and thereafter try the case on the merits.

The decree is reversed, and the cause is remanded to the lower court, with leave to the United States to make necessary parties, and thereafter the case to be proceeded with as equity may require.